IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RODRIGO RIVAS,

    Plaintiff,

v.

TERMINIX INT'L COMPANY, et al.,

    Defendants.

No. C-13-4962 MMC

**ORDER DENYING PLAINTIFF'S MOTION TO REMAND; VACATING HEARING**

Before the Court is plaintiff Rodrigo Rivas's "Motion to Remand Case to California Superior Court," filed November 8, 2013. Defendants Terminix International Co., LP, and Ernest Walker have filed opposition, to which plaintiff has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter appropriate for determination on the parties' respective written submissions, VACATES the hearing scheduled for December 13, 2013, and rules as follows.

In his initial complaint, filed in state court, plaintiff asserted six causes of action. Each of the six causes of action was brought on behalf of a class, including the Sixth Cause of Action (see Compl. at 2:1-7, 11:23-24), by which plaintiff alleged a claim under the Private Attorneys General Act ("PAGA"), §§ 2698 - 2699.5 of the California Labor Code.[1] On October 24, 2013, defendants removed the initial complaint to district court, under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). Thereafter, plaintiff

---

[1] Under California law, a plaintiff may, but is not required to, allege a PAGA claim on behalf of a class. See Arias v. Superior Court, 46 Cal. 4th 969, 975, 981 n.5 (2009). Here, in his initial complaint, plaintiff elected to allege his PAGA claim on behalf of a class.

1 filed a First Amended Complaint, which pleading consists of one cause of action, the PAGA
2 claim, and which claim is no longer brought on behalf of a class.  In his instant motion to
3 remand, plaintiff argues the above-titled action should be remanded because he longer
4 alleges claims on behalf of a class.

5       Generally, "a putative class action, once properly removed, stays removed." See
6 United Steel, Paper & Forestry, Rubber, Manufacturing, Energy, Allied Industrial & Service
7 Workers Int'l Union v. Shell Oil Co., 602 F.3d 1087, 1091 (9th Cir. 2010).  Put another way,
8 "post-filing developments do not defeat jurisdiction if jurisdiction was properly invoked as of
9 the time of filing [of the notice of removal]."  See id. at 1091-92.  Under these "long-
10 standing principles," where an action is properly removed under CAFA, and subsequent
11 events eliminate the possibility the plaintiff can proceed on behalf of a class, whether
12 because of the denial of a motion for class certification, see id., or the plaintiff's filing of an
13 amended complaint that eliminates the class allegations, see In re Burlington Northern
14 Santa Fe Railway Co., 606 F.3d 379, 380-81 (7th Cir. 2010), the district court continues to
15 have CAFA jurisdiction over the remaining non-class claim and remand is not appropriate,
16 see id.

17       Here, although the issue is not addressed by plaintiff, the Court finds the removal of
18 the initial complaint was proper under CAFA, in light of defendants' showing that the parties
19 are minimally diverse (see Notice of Removal ¶¶ 7-13; Charles Decl. ¶ 2) and that the
20 amount in controversy as to the claims in the initial complaint exceeded the sum of
21 $5,000,000 (see Notice of Removal ¶¶ 17-42; Charles Decl. ¶¶ 4-6; Walker Decl. ¶¶ 3-5).
22 Consequently, because the initial complaint was properly removed under CAFA, plaintiffs'
23 subsequent amendment did not divest the Court of original jurisdiction.  See In re
24 Burlington, 606 F.3d at 380-81.

25       Accordingly, the motion to remand is hereby DENIED.

26       **IT IS SO ORDERED.**

27 Dated: December 9, 2013               MAXINE M. CHESNEY
28                                 United States District Judge